```
UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ISHMAEL HARRIS,                              :
                                             :    MEMORANDUM
                                             :    DECISION AND ORDER
                       Petitioner,           :
                                             :    15-cv-6151 (BMC)
          - against -                        :
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
                                             :
                       Respondent.           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

Petitioner *pro se* seeks a writ of *coram nobis* vacating his conviction by guilty plea of conspiracy to import and importing narcotics. Judge Gleeson sentenced him to 168 months imprisonment and five years of supervised relief on November 3, 1995. Petitioner is a serial litigant and this is his sixth collateral attack on his conviction over the last twenty years. His contention in the instant petition is that the Second Circuit violated his Sixth Amendment right to counsel when it denied his motion to appoint counsel for his direct appeal on November 23, 1996.

*Coram nobis* relief is not available here for more reasons than are necessary to discuss. Two will suffice. First, as a district court, I cannot review the merits of rulings by the Second Circuit. The Circuit affirmed petitioner's conviction, affirmed the denial of his initial habeas corpus petition, and, on four subsequent occasions, denied him leave to file successive habeas corpus petitions. Petitioner's avenue to challenge the Circuit's ruling denying him counsel on his direct appeal was either a motion for reconsideration to the Circuit or some other procedure by

which the Circuit could correct its own (alleged) error. For me to grant relief based on an error in the Circuit's Order on direct appeal would violate, at least, the threshold principle of *coram nobis*, which is that the writ only allows a court to correct its own errors, not the errors of another court, cf. Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008) ("The writ traditionally has been utilized by courts to correct errors within their own jurisdiction."), as well as the equally venerable principle that a lower court cannot review the decisions of a higher court. See United States v. Ortiz, 962 F. Supp. 2d 565, 575 (S.D.N.Y. 2013) ("Ortiz argues that, on direct appeal, the Second Circuit failed to give his arguments a 'full, complete, and meaningful review' . . . [but in] my role as a district court judge, I cannot review the decision of the Court of Appeals."); Pri-Har v. United States, 215 F. Supp. 2d 404, 406–07 (S.D.N.Y. 2002) ("This Court . . . cannot, and will not, review the discretionary decision of the Second Circuit.") (collecting cases to the same effect).

Even if I could review the merits of the Second Circuit's ruling, petitioner's claim is frivolous. It was petitioner himself who implored the Second Circuit to relieve him of counsel on his direct appeal, arguing that "after due consideration concerning Affiants' [sic] experiences with counsel appointed under the CJA act [sic], in the district court and now in the Appeals court, Affiant concludes the matter of his Appeal . . . would be best presented *pro se*," and that he "knowingly and intentionally waive[d] representation of counsel and intend[ed] to proceed *pro se* on this direct appeal." The Court of Appeals ultimately acceded to his request, allowing him to proceed *pro se*. He then sought an extension to file his *pro se* brief and for bail pending appeal, the former of which the Circuit granted and the latter of which it denied. Only then did petitioner reverse course and move for the appointment of counsel, which the Circuit denied "in light of his [prior] affidavit . . . ." And the Court of Appeals specifically addressed petitioner's

2

flip-flopping when it affirmed his conviction, stating: "We reject Harris's argument that he was denied counsel given the clear record made by the district court in the face of Harris's attempt to manipulate the district court and this court." United States v. Harris, No. 95-1650, slip op. at 3 (2d Cir. May 16, 1997).

As the Circuit's statement implies, petitioner had already cut through the ranks of multiple CJA counsel before Judge Gleeson, prior to insisting that he be allowed to proceed *pro se* in the Circuit. His latest attempt to escape his strategy in the instant petition – that the counsel he fired on appeal (his second, after the first counsel sought leave to withdraw under *Anders*) was subsequently disbarred years later for conduct in a wholly unrelated case – is a non-sequitur.

The petition is therefore denied and the case is dismissed. In the event that a certificate of appealability is required for an appeal in a *coram nobis* proceeding, the Court declines to issue it as petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
       January 28, 2016